FILED

**NOT FOR PUBLICATION**

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA DAIRIES, INC., a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> RSUI INDEMNITY COMPANY, <br><br> Defendant - Appellee. | No. 10-16684 <br><br> D.C. No. 1:08-cv-00790-OWW-GSA <br><br><br> MEMORANDUM[*] |
| CALIFORNIA DAIRIES, INC., a California corporation, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> RSUI INDEMNITY COMPANY, <br><br> Defendant - Appellant. | No. 10-16730 <br><br> D.C. No. 1:08-cv-00790-OWW-GSA |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 14, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Appellant California Dairies, Inc. ("CDI") appeals from the district court's decisions granting motions to dismiss and for summary judgment, and the resulting final judgment that rejected its insurance coverage claims against Appellee RSUI Indemnity Co. ("RSUI"). These claims arose out of a class action lawsuit by current and former employees alleging that CDI violated the California Labor Code (the "Underlying Action"). RSUI asserts that two policy exclusions bar CDI's claims: Exclusion 4, which bars claims arising out of the Fair Labor Standards Act and similar provisions of state laws; and Exclusion 7, which bars claims arising out of lawsuits between "insured parties," in this case CDI, and its current and former employees.

The district court held that Exclusion 4 bars coverage for some but not all claims asserted against CDI in the Underlying Action, and that Exclusion 7 independently bars all claims. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's grant of summary judgment and of motions to dismiss de novo. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F. 3d 1132, 1137 (9th Cir. 2009); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030

(9th Cir. 2008). We affirm the district court's holding that Exclusion 7 bars all claims in the Underlying Action.[1]

CDI contends that Exclusion 7 does not apply because the claims in the Underlying Action are Employment Practices Wrongful Acts ("EPWAs") that are excepted from Exclusion 7. CDI argues that the Underlying Action arises out of an "[e]mployment-related misrepresentation to an Employee" on the theory that the complaint in the Underlying Action alleges that CDI implicitly or explicitly represented that it would follow applicable California laws. Alternatively, CDI contends that the Underlying Action arises out of a "[f]ailure to provide or enforce adequate or consistent organization policies or procedures relating to employment" because if CDI did not pay its employees in compliance with California law, that would "necessarily result" from a failure to provide or enforce policies and procedures to comply with California law.

Ambiguities in a policy are construed in favor of the insured, but words in the policy "must be read in their ordinary sense" and an ambiguity "cannot be based on a strained interpretation of the policy language." *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal. 3d 903, 912 (1986). In our view accepting

---

[1] Accordingly, we need not and do not reach any issue concerning Exclusion 4.

CDI's interpretation would strain the policy language by rendering superfluous the EPWA provisions that give coverage for actions arising out of claims such as "[w]rongful dismissal," "discrimination," "harassment," and "[f]ailure to grant tenure or practice privileges." CDI acknowledges that the interpretation it urges for the EPWA provisions provides "a blanket exception to Exclusion 7 for claims brought by employees against [CDI]," but argues that in the absence of a blanket exception, "the employment practices coverage provided by the policy would be completely illusory." We disagree. EPWA coverage is not illusory, but it is limited to specific claims not asserted here. The Underlying Action does not allege a failure to enforce organizational policies, and misrepresentation is not an element of any of the claims it alleges. We conclude that Exclusion 7 applies and that the Underlying Action does not arise out of an EPWA exception as defined by the policy read in its ordinary sense.

CDI also contends that RSUI waived Exclusion 7 because it did not rely on Exclusion 7 in its pre-litigation denial of coverage letters. But California rejects an automatic waiver rule. An insurer does not waive policy provisions merely by failing to rely on them in denial of coverage letters. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 33 (1995). Instead, there must be an "intention on the part of the insurer to relinquish additional reasons for denial," as evidenced by

"'acts [that] are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.'" *Id.* at 33–34 (quoting *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)).

CDI argues that RSUI waived Exclusion 7 by violating the California Fair Claim Practice Regulations ("CFCPR")—specifically 10 C.C.R. § 2695.7(b)(1), which requires insurers to give all bases for denials of coverage when denying a first party claim.[2]  It argues that "[s]uch disregard of the [CFCPR] is evidence a jury could consider in determining that RSUI breached the implied covenant of good faith and fair dealing."  But CDI presents no evidence showing a "disregard" for the CFCPR.  We have before us only that RSUI did not cite Exclusion 7 in its

---

[2] Both parties agree that CDI is a first party claimant as defined by 10 C.C.R. § 2695.2(f).  While "first party claim" is not explicitly defined by the regulations, we agree with the district court's holding that first party claims are those brought by first party claimants.

-5-

pre-litigation denial of coverage letters.[3] If we accepted CDI's reasoning, 10

C.C.R. § 2695.7(b)(1) would reinstate the automatic waiver rule rejected by

*Waller*, 11 Cal. 4th at 33. CDI has not shown a genuine issue of material fact as to

whether RSUI waived Exclusion 7.[4]

**AFFIRMED.**

---

[3] The claims adjuster who issued the denial letter testified that the failure to cite Exclusion 7 was an unintentional oversight. CDI does not offer evidence to rebut the claims adjuster's testimony. Instead, CDI argues that RSUI must have either acted with "complete disregard of the obligations it owed to California policyholders" by failing to train its employees on 10 C.C.R. § 2695.7(b)(1) or that its employees knew of this provision and understood that by failing to assert Exclusion 7 in its denial letter that it was knowingly waiving that exclusion. The record does not support these assertions.

[4] We decline to reach RSUI's argument that Exclusion 7 cannot be waived.